# Exhibit 11

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :   Chapter 11
                                                                 :
Caesars Entertainment Operating Company, Inc., *et al.*,         :   Case No. 15-01145
                                                                 :
                          Debtors.                               :   Jointly Administered
                                                                 :
-----------------------------------------------------------------x

## STIPULATION AND ORDER GOVERNING THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL MATERIAL

Good cause appearing, and in conformance with the agreement of the parties (the "Parties") to the contested matter initiated by the Transfer of Claim, filed October 5, 2017 [ECF No. 7471] (the "Proceeding"):

IT IS HEREBY ORDERED, that the following procedures shall govern the handling of documents, testimony including depositions, deposition exhibits, interrogatory responses, admissions, and other written, recorded, graphic, or electronic matter or information produced, filed with or submitted to the Court, and/or given or exchanged by and among the Parties in connection with the Proceeding ("Discovery Material"), including any Discovery Material produced by non-parties in connection with the Proceeding.

1. All Discovery Material designated as "Confidential" or information derived therefrom, shall be used solely for purposes of the Proceeding, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

2. Any party or non-party producing person may designate as "Confidential," pursuant to this Stipulation and Order, any document, testimony, and/or information contained therein that it in good faith reasonably believes to contain "confidential research, development, or commercial information," as that term

is used in Rule 26(c)(1)(G), Rule 9018, and 11 U.S.C. § 107(b) that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material").

3.   During the pendency of the Proceeding, any Party who objects to the designation of any Discovery Material as "Confidential" may, after making a good faith effort to resolve any such objection, file an application with the Court to challenge the designation of such Discovery Material as "Confidential." While such an application is pending, the Discovery Material in question shall continue to be treated as "Confidential".  The provisions of this paragraph are not intended to shift the burden of establishing confidentiality as provided in paragraph 4 of this Stipulation and Order.

4.   If challenged, the party designating Discovery Material "Confidential" shall have the burden of proving by a preponderance of the evidence that there is good cause for the Discovery Material to have such protection.

5.   The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Party (or any non-party producing documents, testimony, or other information in the Proceeding):

(a)   In the case of electronic or paper documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the respective legend "Confidential" to each page containing any Confidential Discovery Material.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, the producing party may designate material as "Confidential" by (i) informing the person to whom the material is provided in writing in a clear and conspicuous manner of such material, that such material contains Confidential Discovery Material; (ii) including "Confidential" in the file or directory name; or by (iii) affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

(b)     In the case of depositions or other pre-hearing testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in the Proceeding within ten (10) business days after the receipt of the official transcript of such proceeding, provided that all testimony, exhibits and transcripts of depositions or other pre-hearing testimony shall be treated as "Confidential" before such ten (10) day period has expired.  In both of the foregoing instances, the designating party shall direct the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material.  All portions of deposition transcripts not designated "Confidential" as provided in subparagraph 5(b)(i) or (ii) herein shall be deemed not confidential.  The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court.

(c)     The inadvertent failure to designate Discovery Material as "Confidential" in accordance with paragraphs 5(a) and (b) herein does not constitute a waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be subject to the protections of this Stipulation and Order from the time it is designated "Confidential".  Upon receipt of such a supplemental designation, any receiving party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts to remedy any disclosures of the Discovery Material that do not conform to the provisions of this Stipulation and Order in light of the redesignation.  Upon such a redesignation, the Parties (or non-parties if applicable) shall cooperate in good faith to determine the most practical and efficient manner by which the receiving party will remedy the disclosure: (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any paper or electronic documents derived from any such Discovery Material is treated as if the Discovery Material had originally been designated "Confidential", (iii) to ensure such Discovery Material, and any information derived therefrom, is used only

for the purposes described in paragraph 1 of this Stipulation and Order, and (iv) to ensure such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order. If materials are redesignated "Confidential" pursuant to this paragraph 5(c), any receiving party shall exercise reasonable efforts to return to the producing party, and destroy all copies of, such materials. The Parties shall exercise reasonable efforts to cooperate to protect later-designated materials that previously have been filed with the Court.

(d) The receiving party shall exercise best efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the receiving party, as permitted by this Stipulation and Order, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the producing party.

6. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, by a non-producing party, only to the following persons:

(a) Outside or inside counsel who represent the Parties, and regular or temporary employees and service vendors of such counsel (including outside copying and support services) assisting in the conduct of the Proceeding, for use in accordance with this Stipulation and Order;

(b) Subject to paragraph 7 hereof, experts or consultants assisting counsel for Parties that have appeared in the Proceeding;

(c) The Court and its employees pursuant to paragraphs 10 and 11 of this Stipulation and Order;

(d) Court reporters employed in connection with the Proceeding;

(e) The Parties and their directors, officers, and employees who are assisting counsel in this Proceeding or who appear as witnesses or deponents;

(f) Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document; and

(g) Any other person only upon order of the Court or upon stipulation of the party that produced the Discovery Material.

7. Confidential Discovery Material may be provided to persons listed in paragraphs 6(b) above to the extent necessary for such individual to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Proceeding, provided that such individual (i) is not otherwise currently an employee of, or advising or discussing employment with, or consultant to, any person or entity known or reasonably believed to be a competitor of any Party and (ii) is using said Confidential Discovery Material solely in connection with this Proceeding; and further provided that such individual signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder, including after the conclusion of this Proceeding.

8. Counsel for the Party showing or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to paragraph 7 shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof, provided that witnesses to whom Confidential Discovery Material is first disclosed at deposition or trial need not be required to sign a copy of Exhibit A in order to be bound by the terms hereof.

9. All Confidential Discovery Material filed with the Court must be filed under seal pursuant to paragraph 10.

10. All documents of any nature filed with the Court, including but not limited to letters and briefs, that disclose information from a document that would otherwise need to be filed under seal or in redacted form pursuant to this Stipulation and Order, shall be lodged under seal, with a copy to be filed publicly, in redacted form.

11. Each document designated as "Confidential" or which contains information from Confidential Discovery Material that is lodged with the Court under seal shall be formatted with a footer stating the following:

> THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.

This footer must appear on every page of the document.

12. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) Operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b) Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) Prejudice in any way the rights of any party to object to the production of any document requested on confidentiality, relevancy or any other grounds. Moreover, nothing herein shall constitute a waiver of the right to object to the authenticity or admissibility into evidence of any document subject to this Stipulation and Order;

(d) Prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material or Confidential Discovery Material is, should, or should not continue to be subject to the terms of this Stipulation and Order;

(e) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(f) Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

13. This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or the information designated as "Confidential" obtained lawfully by such party independently of discovery in this Proceeding.

14. The inadvertent production of any Discovery Materials subject to the attorney-client privilege or work product doctrine, or otherwise immune from disclosure, shall be without prejudice to any claim by the producing party that such material is protected by any such protection, and no party shall be held to have waived any of its rights under such privilege or doctrine by the inadvertent production of such materials. Counsel for the producing party shall promptly notify counsel to the other Parties upon discovery of such inadvertent production, at which point receiving counsel shall promptly (i.e., within 10 days of receiving such notice) return all copies of such inadvertently produced materials to the producing party. After return of the materials, any claim challenging the producing party's designation of privilege or work product may be submitted to the Court for determination. For the avoidance of doubt, the inadvertently produced materials or copies thereof, may not be submitted to the Court in connection with such submission.

15. The provisions of this Stipulation and Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of the Proceeding, including without limitation any appeals therefrom, subject to the rules of any appellate court which may override this Stipulation and Order in any or all respects.

16. In the event that any Confidential Discovery Material is used in any court proceeding in this Proceeding or any appeal therefrom, said Confidential shall retain its status as Confidential Discovery Material notwithstanding such use except to the extent ordered otherwise by this Court. Counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any

documents, information and transcripts used in the course of any court proceedings.  If the Parties cannot agree on an approach, the matter shall be presented to the Court for disposition.

17. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (i) give written notice by hand, overnight delivery, or facsimile transmission promptly, and in no event later than three business days after receipt of such subpoena or document demand, to those who produced or designated the material "Confidential" and, except as ordered otherwise by a court of competent jurisdiction, (ii) refrain from producing any Discovery Material that has been designated "Confidential" in response to such a subpoena or document demand until the earlier of (a) receipt of written notice from the party who made such designation that such party does not object to production of the designated Discovery Material or (b) resolution of any objection asserted by the designating party either by agreement or by order of the court with jurisdiction over the objection of the designating party. The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Confidential Discovery Material.  Notwithstanding the foregoing, unless the party who produced or designated the Confidential Discovery Material submits a timely objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand delivery prior to the due date for production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date.  Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Stipulation and Order.  Nothing herein shall be construed as requiring the Receiver or anyone else subject to this Stipulation and Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

18.     At the conclusion of this Proceeding, including any appeals from any judgment or order entered by this Court and any retrial, counsel shall destroy or return to counsel for the producing party all Discovery Materials (and any copy thereof) designated as "Confidential."  In addition, counsel shall certify in writing that all such Discovery Materials have been returned or destroyed.  Counsel for each party also shall contact each person to whom that party has provided a copy of any Discovery Materials produced by another party that have been designated as "Confidential" and request the documents be returned or destroyed.  Counsel shall certify as to each person to whom he has provided any such Discovery Materials that the same have been returned to counsel for the producing party or destroyed.  Provided that counsel for a party may retain:  (i) any and all items, including but not limited to Discovery Materials designated as "Confidential" that were filed with the Court; (ii) counsel's work product which may contain "Confidential" information; and (iii) any Discovery Materials required by law to be preserved; provided that counsel continues to treat all Discovery Material in the manner provided in this Order.

19.     This Stipulation and Order applies to all Discovery Material produced in this Proceeding, whether produced before or after the entry of this Stipulation and Order and whether produced by a party or non-party.

20.     The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

21.     Each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto.

22.     This Court retains jurisdiction over any dispute arising under this stipulation and order.

December 28, 2017:	By: /s/Ayanna Lewis-Gruss
Ayanna Lewis-Gruss (admitted *pro hac vice*)
Peter J. Amend, Esq. (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
alewisgruss@orrick.com
pamend@orrick.com

Douglas Mintz, Esq. (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C., 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
dmintz@orrick.com

-and-

Aaron L. Hammer (IL No. 6243069)
Jack O'Connor (IL No. 6302674)
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: 312.704.9400
Facsimile: 312. 372.7951
ahammer@SFGH.com
joconnor@SFGH.com

*Co-Counsel for Whitebox Advisors LLC*

December 28, 2017: By: /s/Jeffrey Chubak
Jeffrey Chubak
STORCH AMINI PC
1140 East 45th Street, 25th Floor
New York, NY 10017
Telephone: (212) 497-8247
Facsimile: (212) 490-4208
jchubak@storchamini.com

*Counsel to Earl of Sandwich (Atlantic City), LLC*

**SO ORDERED**

Dated:

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------------------x
:
In re:                                                                                      :     Chapter 11
                                                                                                  :
Caesars Entertainment Operating Company, Inc., *et al.*,   :     Case No. 15-01145
                                                                                                  :
                                    Debtors.                                        :     Jointly Administered
                                                                                                  :
---------------------------------------------------------------------x

**STIPULATION AND [PROPOSED] ORDER GOVERNING THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL MATERIAL**

**ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT**

I have read and understand the Stipulation and Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Stipulation and Order.  I shall not use or disclose to others, except in accordance with the Stipulation and Order, any "Confidential" information.  I hereby submit to the jurisdiction of this Court, and to the application of Illinois law, for the purpose of enforcement of this Acknowledgment and the Stipulation and Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented